IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEONARD WEATHERSPOON, | § | |
| TDCJ #1167121, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-3818 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

State inmate Leonard Weatherspoon (TDCJ #1167121) has filed a petition under 28 U.S.C. § 2254, seeking a federal writ of habeas corpus to challenge a state court felony conviction. The respondent has answered with a motion for summary judgment, arguing that the petition is barred by the governing one-year statute of limitations. (Doc. # 13). Weatherspoon has not filed a response and his time to do so has expired. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and **dismisses** this case for reasons set forth below.

## I.     BACKGROUND

A Texas grand jury charged Weatherspoon with the felony offense of burglary of a habitation in cause number 35426. The State enhanced that indictment for purposes of punishment with allegations that Weatherspoon had at least two prior felony convictions for

burglary of a dwelling.  A jury in the 400th District Court of Fort Bend County, Texas, found

Weatherspoon guilty as charged and sentenced him to serve forty years in prison.

On direct appeal, Weatherspoon challenged the sufficiency of the evidence against

him and argued that his conviction was invalid.  An intermediate court of appeals rejected

Weatherspoon's arguments and affirmed the conviction after making the following findings

based on the evidence that was admitted at trial:

> At around 1:00 a.m., on the morning of October 14, 2002, the complainant, Judy Adamson, looked out her bathroom window to see a man walking in and out of the garage attached to her residence.  The man was later identified as [Weatherspoon].  After observing [Weatherspoon] enter and exit the garage two or three times, Ms. Adamson called the police.  Officer Jesse Martin and Detective Dixie Brzozowski of the Richmond Police Department responded to Ms. Adamson's call.

> When the officers arrived at Ms. Adamson's residence, [Weatherspoon] was standing on the driveway.  Upon seeing the officers, however, [Weatherspoon] fled.  The officers gave chase, but [Weatherspoon] escaped by running through a wet field.  During the chase, Detective Brzozowski was able to see [Weatherspoon]'s face and clothing clearly when he ran under Ms. Adamson's porch light.  Immediately after the chase, the officers inspected Ms. Adamson's garage and found several cuts of frozen meat on the garage floor.  The meat had come from a freezer in the garage.

> After inspecting the garage, Officer Martin broadcasted [Weatherspoon]'s description over the police radio.  Within an hour, the officers were notified that a man meeting [Weatherspoon]'s description was at a nearby gas station.  When the officers arrived at the gas station, [Weatherspoon] was sitting inside. Although [Weatherspoon] had changed his jacket, he was otherwise wearing the same clothing as he wore when the officers saw him earlier.  Also, the legs of [Weatherspoon]'s pants were wet.

> Detective Brzozowski identified [Weatherspoon] as the man whom she had seen running from Ms. Adamson's yard.  The officers approached [Weatherspoon], but before the officers could question him about the burglary, [Weatherspoon] motioned towards Ms. Adamson's house and stated, "if them

people saw me, go ahead and take me in." [Weatherspoon] was placed under arrest.

*Weatherspoon v. State*, No. 01-02-00932-CR, 2003 WL 22682132, *1 (Tex. App. — Houston [1st Dist.] Nov. 13, 2003). Weatherspoon did not appeal further by filing a petition for discretionary review with the Texas Court of Appeals.

Weatherspoon filed the pending federal habeas corpus petition on November 6, 2007.[1] In that petition, Weatherspoon alleges that he is entitled to relief for the following reasons: (1) he is actually innocent because the evidence against him was factually insufficient to support his conviction; and (2) he was convicted in violation of the constitutional prohibition against Double Jeopardy. (Doc. # 1). In a supplement to his petition, Weatherspoon alleges further that he was denied effective assistance of counsel at trial and on appeal.[2] (Doc. # 10).

---

[1]    The Clerk's Office received the petition on November 13, 2007, and filed it that same day. The petitioner indicates, however, that he placed his pleadings in the prison mail system on November 6, 2007. Under the mailbox rule, courts treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001). Accordingly, the petition is deemed filed on November 6, 2007.

[2]    The supplemental petition accuses trial and appellate counsel of violating Weatherspoon's civil rights under 42 U.S.C. § 1983 by providing ineffective assistance. (Doc. # 10). A plaintiff seeking relief under 42 U.S.C. § 1983 must establish two elements: (1) that the conduct complained of was committed by a state actor under color of state law, and (2) that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990). It is well settled that criminal defense attorneys, even court-appointed ones, are not state actors for purposes of a suit under 42 U.S.C. § 1983. *See Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (citing *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988)). Because Weatherspoon's allegations against his counsel contain no state action, he fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983. *See id.*; *see also Biliski v. Harborth,* 55 F.3d 160, 162 (5th Cir. (continued...)

In response to Weatherspoon's claims, the respondent argues that the petition must be dismissed because it is barred by the one-year statute of limitations that governs federal habeas corpus review.  The motion is addressed below under the applicable legal standard.

## II.    THE ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d)(1). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies.  *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

Because Weatherspoon challenges a state court conviction, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  The intermediate state court of appeals affirmed Weatherspoon's conviction on November 13, 2003.  *See Weatherspoon v. State*, No. 01-02-00932-CR, 2003 WL 22682132 (Tex. App.  — Houston [1st Dist.] Nov. 13, 2003, no pet.). Although Weatherspoon did not file a petition for discretionary review, his time to do so expired thirty days later on or about December 13, 2003.  *See* TEX. R. APP. P. 68.2(a).  That

---

[2](...continued)
   1995).  Accordingly, the Court has construed the complaint as a supplement to his petition for habeas corpus relief and his claims as those for ineffective assistance of counsel.

date triggered the statute of limitations for federal habeas corpus review, which expired one year later on December 13, 2004. The pending federal habeas corpus petition, which was filed on November 6, 2007, is late by almost three years and is therefore time-barred unless Weatherspoon can show that a statutory or equitable exception applies.

### A.    Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. *See Artuz v. Bennett*, 531 U.S. 4 (2000). Weatherspoon filed a state habeas corpus application on December 27, 2004, which the Texas Court of Criminal Appeals denied on April 27, 2005. *See Ex parte Weatherspoon*, No. 61,720-01. Because this application was filed after the federal habeas statute of limitations had already expired, it does not afford any tolling for purposes of 28 U.S.C. § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Weatherspoon presents no other basis for statutory tolling and the record fails to disclose any. In that regard, Weatherspoon has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C.

§ 2244(d)(1)(C), (D).  Accordingly, there is no statutory basis to save the petitioner's late-filed claims.

### B.    Equitable Tolling

Weatherspoon has not filed a response to the motion for summary judgment and he has not otherwise requested equitable tolling of the statute of limitations.  Equitable tolling is an extraordinary remedy which is only sparingly applied.  *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).  Nevertheless, the Fifth Circuit has held that the statute of limitations found in the AEDPA may be equitably tolled at the district court's discretion where "exceptional circumstances" are present.  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). In that respect, the Fifth Circuit has limited the doctrine of equitable tolling to apply "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Assuming that the AEDPA allows it, the Supreme Court has observed that a habeas corpus petitioner is not entitled to equitable tolling unless he establishes "(1) that he has been pursuing his rights diligently, and (2) 'that some extraordinary circumstance stood in his way' and prevented timely filing."  *Lawrence v. Florida*, — U.S. —, 127 S. Ct. 1079, 1085 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  The habeas petitioner bears the burden of establishing that equitable tolling is warranted.  *See Howland v.*

*Quarterman*, 507 F.3d 840, 845 (5th Cir. 2007) (citing *Alexander v. Cockrell*, 294 F.3d 626,

269 (5th Cir. 2002)).  Weatherspoon does not meet that burden here.

The record reflects that Weatherspoon's conviction was affirmed on direct appeal on

November 13, 2003, and that he did not pursue a petition for discretionary review.

Weatherspoon waited more than a year, until December 27, 2004, to file a state habeas

corpus application, which the Texas Court of Criminal Appeals denied on April 27, 2005.

*See Ex parte Weatherspoon*, No. 61,720-01.  After the dismissal, Weatherspoon waited more

than two years, until November 6, 2007, to file his federal habeas corpus petition in this case.

Weatherspoon makes no effort to explain his delay.  It is well established that equitable

tolling is not available where, as here, the petitioner squanders his federal limitations period.

*See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099

(2000).

Apart from the unexplained delay in this case, Weatherspoon does not demonstrate

that exceptional circumstances prevented him from raising his claims in a timely manner.

Weatherspoon alleges in his petition that he is "actually innocent."  The Fifth Circuit has

observed, however, that claims of actual innocence generally are not a "rare and exceptional

circumstance" that warrants equitable tolling of the statute of limitations given that many

prisoners maintain they are actually innocent.  *Felder v. Johnson*, 204 F.3d 168, 171 (5th

Cir.), *cert. denied*, 531 U.S. 1035 (2000).  Weatherspoon does not provide specific facts

showing that he is actually innocent of the offense and he makes no effort to rebut any of the

findings made by the state appellate court when it found that the evidence was factually

7

sufficient to support his conviction.  *See Weatherspoon v. State*, No. 01-02-00932-CR, 2003 WL 22682132 (Tex. App.  — Houston [1st Dist.] Nov. 13, 2003, no pet.).  The state court's findings are therefore presumed correct.  *See* 28 U.S.C. § 2254(e)(1).  Because Weatherspoon has not shown himself to be actually innocent, he fails to show that he is entitled to equitable tolling for this reason.

Although Weatherspoon has represented himself on state habeas corpus review and in this federal proceeding, the Fifth Circuit has held that a prisoner's *pro se* status does not excuse an untimely federal habeas corpus petition.  *See Lookingbill v. Cockrell*, 293 F.3d 256, 264 n.13 (5th Cir. 2002), *cert. denied*, 537 U.S. 1116 (2003); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (holding that *pro se* status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ).  The petitioner's incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling.  *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir.) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling), *cert. denied*, 539 U.S. 918 (2003).

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.[3]  *See Felder*, 204 F.3d at 173.  Nevertheless, the

---

[3]     The Court notes, however, that Weatherspoon provides no details in support of his claims.
                                                                                    (continued...)

doctrine of equitable tolling is applied "restrictively" and, as the Fifth Circuit has held repeatedly, "is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a [petitioner's] claims when strict application of the statute of limitations would be inequitable.'" *In re Wilson*, 442 F.3d 872,  875 (5th Cir. 2006) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation and alteration omitted)).   Given the petitioner's lack of diligence, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided.  *See Felder*, 204 F.3d at 173. Weatherspoon has not established that he is entitled to any tolling and, therefore, his petition must be dismissed as barred by the governing one-year limitations period.

## III.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of

---

[3](...continued)

> Although Weatherspoon proceeds *pro se*, he is still required to provide sufficient facts in support of his claim for relief.  *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue."  *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value."). Moreover, as the respondent observes, Weatherspoon did not file a petition for discretionary review on direct appeal and he did not present any of the allegations found in his federal habeas corpus petition on state collateral review.  (Doc. # 13, at 11-14).  As a result, Weatherspoon did not exhaust available state court remedies before seeking federal habeas corpus relief.  *See* 28 U.S.C. § 2254(b)-(c). Because Weatherspoon's pending federal habeas petition is clearly time barred and unexhausted, the Court declines to address Weatherspoon's claims further.

appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

10

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The statute of limitations on federal habeas corpus review has been the law for over ten years, since April of 1996.  The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim.  Therefore, a certificate of appealability will not issue.

## IV.    CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.    The respondent's motion for summary judgment (Doc. # 13) is **GRANTED**.

2.    The federal habeas corpus petition is **DISMISSED** with prejudice as barred by the statute of limitations.

3.    A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on  April 7th , 2008.

Nancy F. Atlas
United States District Judge

11